**COMMONWEALTH OF MASSACHUSETTS**
**UNITED STATES DISTRICT COURT**

| | |
|---|---|
| VHS ACQUISITION NUMBER 7, INC., d/b/a ST. VINCENT HOSPITAL,<br><br>Petitioner,<br><br>v.<br><br>MASSACHUSETTS NURSES ASSOCIATION,<br><br>Respondent. | Civil Action No. 4:25-cv-40090-MRG |

**PETITIONER ST. VINCENT HOSPITAL'S
MOTION TO DISMISS RESPONDENT'S COUNTERCLAIMS
FOR FAILURE TO STATE A CLAIM**

Petitioner, VHS Acquisition Number 7, Inc., d/b/a St. Vincent Hospital ("St. Vincent" or "Hospital") files this Motion to Dismiss Respondent Massachusetts Nurses Association's ("MNA" or "Union") Counterclaims and, in support, shows the Court as follows:

## I.     INTRODUCTION

MNA's Counterclaims show it failed to plead jurisdictional and factual allegations to state cognizable claims against St. Vincent. The Counterclaims lack jurisdictional pleading and allegations supporting a request for attorney's fees or confirmation of the arbitration award at issue herein. Accordingly, the Court should dismiss MNA's Counterclaims against it.

## II.     STANDARD OF REVIEW

"District courts apply the same legal standard to motions to dismiss counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) as they do when reviewing motions to dismiss a complaint." *Sensitech Inc. v. LimeStone FZE*, 548 F. Supp. 3d 244, 257 (D. Mass. 2021) (internal citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "If the factual

1

allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 444 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    ARGUMENT AND AUTHORITIES

#### A.  MNA Did Not Plead Jurisdiction or Venue

MNA's Counterclaims contain no allegations about venue or the Court's jurisdiction. In fact, in its Answer, MNA denied those very contentions made by St. Vincent in its original Complaint. [Dkt. 18, at p. 72 ¶ 11-12]. As such, MNA failed to plead predicate jurisdictional and venue allegations to survive the instant Motion. Fed. R. Civ. P. 8(a)(1); *see also Joy v. Hague*, 175 F.2d 395, 396 (1st Cir. 1949) (party must allege facts essential to show jurisdiction).

#### B.  MNA Did Not Plead Factual Allegations Supporting Its Confirmation Request

MNA's Counterclaims are devoid of allegations supporting its claim that Loconto's award must be confirmed. Instead, MNA incorporates and refers to Loconto's Award and then makes two conclusory statements about it: (1) that there is no basis to vacate the arbitration award and (2) that the Court should confirm the award. [Dkt. 18, at p. 72, ¶ 11-12]. MNA's pleading efforts in this regard miss the mark.

MNA's failure to plead *why* and *how* (i.e., the factual and legal bases) the award is subject to confirmation dooms the Counterclaims altogether and they must be dismissed. *Silva v. Lustig, Glaser & Wilson P.C.*, 2016 WL 1301055, at *4 (D. Mass. Apr. 1, 2016)(dismissing counterclaim as inadequately pled where party failed to plead facts supporting essential elements of the counterclaim); *Koch Acton, Inc. v. Koller*, 2022 WL 847408, at *2 (D. Mass. Mar. 22, 2022) (dismissing counterclaims where allegations were conclusory and unsupported by factual detail);

*Harrell v. Backstage Salon & Day Spa, Inc.*, 2184CV01795-BLS2, 2022 WL 618681 at *3 (Mass. Feb. 22, 2022) (finding that "[w]hile 'detailed factual allegations' are not required at the pleading stage, mere 'labels and conclusions' will not survive a motion to dismiss." (internal citation omitted)); *see also Murphy v. National Union Fire Ins. Co.*, 438 Mass. 529, 532 (providing the legal authority for judgments confirming arbitration awards in Massachusetts courts). At best, MNA makes conclusory allegations that "no judicially-recognized grounds exist for vacating the award." [Dkt. 18, pg. 70, ¶ 10]. It then fails to affirmatively state any judicially-recognized grounds for *confirming* the award, the relief sought in its Counterclaim. Of course, such conclusory pleading fails to meet the requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2); *SEC v. Tambone*, 597 F.3d at 444 (factual allegations in a complaint which are "too meager, vague, or conclusory" render a complaint open to dismissal).

    C. **MNA's Attorneys' Fees Claim Must Be Dismissed**

In its Counterclaim for attorneys' fees, MNA alleges that *Crafts Precision Indus., Inc. v. Lodge No. 1836*, 889 F.2d 1184 (1st Cir. 1989) requires the Court to award attorneys' fees in this case. [Dkt. 18, pg. 74, ¶ 14-16]. MNA's reliance on *citation* to the opinion is not sufficient to state a cognizable claim for attorneys' fees. Indeed, even a cursory review of the Counterclaims show MNA did not plead any *facts* alleging St. Vincent filed its Complaint "without justification." As such, MNA's attorneys' fee claim must be dismissed–particularly considering that MNA has been denied attorneys' fees, on the merits, in circumstances like those at issue in this case. *See Brigham & Women's Hospital v. Massachusetts Nurses Association*, 684 F. Supp. 1120, 1125 (D. Mass. 1988) (noting on summary judgment that the Court "cannot say" the hospital's vacatur arguments were without justification and denying MNA's request for attorney's fees); *North Adams Regional Hosp. v. Massachusetts Nurses Association*, 889 F. Supp. 507, 516 (D. Mass. 1995) (while perhaps a "weak argument" the hospital's vacatur requests were not frivolous or unjustified).

Put simply, MNA is obviously aware of the standard it must prove to obtain attorneys' fees in this case. That it failed to even plead allegations in support of that standard warrants dismissal of the request.

## IV.    CONCLUSION

Petitioner VHS Acquisition Number 7, Inc., d/b/a St. Vincent Hospital, moves this Court to grant its Motion to Dismiss Respondent's Massachusetts Nurses Association's Counterclaims and for any other relief at law or in equity to which St. Vincent has shown itself justly entitled.

Respectfully submitted,

**FORDHARRISON LLP**

By: *David Roger Anderson\**
Nancy Van der Veer Holt
Massachusetts Bar No. 668916
nholt@fordharrison.com
David Roger Anderson\*
Texas Bar No. 24128388
danderson@fordharrison.com
Rachel Saady-Saxe
D.C. Bar No. 1738392
rsaady-saxe@fordharrison.com

**ATTORNEYS FOR
ST. VINCENT HOSPITAL**

*\*Pro Hac Vice Admitted.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 10, 2025, I electronically filed the foregoing *Petitioner St. Vincent Hospital's Motion To Dismiss Respondent's Counterclaims For Failure To State A Claim* with the Clerk of Court, using the CM/ECF system that will send notification of such filing to all counsel of record.

                                                 */s/ David Roger Anderson*
                                                 David Roger Anderson