COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

| | |
|---|---|
| VHS ACQUISITION NUMBER 7, INC., d/b/a ST. VINCENT HOSPITAL,<br><br>　　Petitioner,<br><br>　　v.<br><br>MASSACHUSETTS NURSES ASSOCIATION,<br><br>　　Respondent | Civil Action No. 4:25-cv-40090-MRG |

**RESPONDENT MASSACHUSETTS NURSES ASSOCIATION'S OPPOSITION TO PETITIONER'S MOTION TO DISMISS RESPONDENT'S COUNTERCLAIM**

## I.　　INTRODUCTION

The Respondent, Massachusetts Nurses Association ("MNA"), opposes the Petitioner St. Vincent Hospital's ("Hospital") partial motion to dismiss one MNA counterclaim and respectfully submits that the Court should deny the motion.

On October 10, 2025, MNA filed its First Amended Answer and Counterclaims. ECF Doc. 27. Subsequently, on October 24, 2025, the Hospital filed a 12(b)(6) motion to dismiss MNA's counterclaim requesting attorney's fees. ECF Doc. 28. MNA now timely files an opposition to that Hospital motion.

## II.     ARGUMENT

### A.     Standards.

When considering a motion under Rule 12(b)(6), "[d]ismissal is *only* appropriate if the counterclaim, so viewed, fails to allege 'a *plausible* entitlement to relief.'" Metropolitan Property and Cas. Ins. Co. v. Boston Regional Physical Therapy, Inc., 538 F. Supp. 2d 338, 341 (D. Mass 2008) (internal citations omitted) (emphasis added). In its analysis, "the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the counterclaim plaintiff." Id. (internal citations omitted).

The pleading standards for a counterclaimant-plaintiff are particularly liberal, requiring only the Rule 8 standard to be satisfied—that the pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "Specific facts are not necessary." Id. (quoting Erickson v. Pardus, 551 U.S. 89 (2007)); In re MOVEit Customer Data Sec. Breach Litig., 2025 WL 2179475, at *4 (D. Mass. July 31, 2025) ("A short and plain statement needs only enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests") (emphasis added) (internal quotations and citations omitted).

Indeed, the facts for a counterclaim can be either "direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Id. (citing Raytheon Co. v. Cont'l Cas. Co., 123 F. Supp. 2d 22, 27 (D. Mass. 2000)). Still, the counterclaimant's direct or

2

inferential facts must give rise to relief beyond the mere speculative level when drawing all counterclaimant-favorable inferences.  Id.; see also Adler v. Her Campus Media, LLC, 411 F. Supp. 3d 121, 124 (D. Mass. 2019) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully") (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

On a motion to dismiss, the court may properly consider four types of documents outside the complaint without converting the motion into one for summary judgment:  (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to Plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

### B.   MNA Satisfied Pleading Requirements For Its Count II.

In Count II of its counterclaims MNA alleges it is entitled to damages in the form of attorney's fees incurred because the Hospital's action to vacate the Arbitration Award is filed "without justification" within the meaning of relevant legal standards.  In moving to dismiss Count II, the Hospital alleges that MNA failed to plead "any factual basis" for its position that St. Vincent filed its Complaint 'without justification.'"  ECF Doc. 28 at 2.  Contrary to the Hospital's assertion, however, it is clear MNA sufficiently stated a claim for which relief may be granted.

As MNA cites in Count II of its counterclaims, the First Circuit in Crafts Precision Indus., Inc. v. Lodge No. 1836 held that it is appropriate to award

attorney's fees when the opposing party brings a case to review an arbitrator's decision "without justification." 889 F.2d 1184, 1185 (1st Cir. 1989). The court in Crafts Precision concluded there was a *heightened* bar post-Berklee for bringing an action to challenge an arbitration award. Id. (citing Berklee College of Music v. Massachusetts Federation of Teachers Local 4412, 858 F.2d 31, 32-33 (1st Cir. 1988)). Said differently, it is more likely post-Berklee that an action to vacate an arbitration award is "without justification." The First Circuit in Berklee found that a case was meritless, or "without justification" when: (1) the subject arbitrator was arguably within his authority to interpret a labor contract; and (2) there was merely a *plausible* argument for accepting an arbitrator's interpretation of a labor contract in an arbitration award:

> Since the time the district court decided this case, the Supreme Court has reiterated, in language stronger than previously used, that matters of contract interpretation are typically up to the arbitrator, not the courts. The Supreme Court explained that an "arbitrator's award settling a dispute with respect to the interpretation or application of a labor agreement must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice. But **as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.**" We have characterized this language as specifying that any "exception" to the normal rule (that forbids the court to find an arbitrator's interpretation outside the authority delegated to him by the contract) is extremely narrow.
>
> Only the narrowest of exceptions could exclude this arbitrator's interpretation, for not only does the contract say that the union "must" bring the grievance within 10 days, but it also says that "time limits" such as this one "may only be waived by mutual written consent," a consent that here was not forthcoming. Nonetheless, taking the Supreme Court

4

> at its word, **we uphold the arbitrator's decision because we find a *plausible* argument that favors his interpretation**. That argument runs as follows.

Berklee, 858 F.2d at 32-33 (emphasis added).

To survive the instant motion to dismiss, MNA need only establish that the direct and inferential facts pled in Count II present a *plausible* claim for relief (i.e., attorney's fees) under the above standards.  MNA more than satisfied its low burden of establishing plausibility.

First, MNA exceeded its pleading requirement to establish Arbitrator Loconto was *arguably* within his authority to interpret the parties' collective bargaining agreement ("CBA").  The facts to support that are in ¶¶1-10 of its counterclaims.  Those facts establish:

- MNA and the Hospital are parties to a CBA, which the Hospital does not dispute and that CBA is attached to the Hospital's complaint.  ECF Doc. 18 at 70, ¶1; ECF Doc 1-1 at 48 (Exhibit 2).
- A dispute arose between the parties regarding the terms of the CBA. ECF Doc. 18 at 70, ¶2.
- A grievance was filed regarding that dispute, and subsequently a demand for arbitration.  Id.
    - Article XXI of the CBA establishes a grievance and arbitration process, including submitting disputes to AAA for resolution from an appointed arbitrator.  ECF Doc 1-1 at 120-22.

5

- Arbitrator Loconto was appointed by the parties, an evidentiary hearing was held before him, and he issued an award regarding that subject dispute. ECF Doc. 18 at 70-71, ¶¶3-5; ECF Doc 1-1 at 2-46 (Exhibit 1, Arbitrator Loconto's award).

- Arbitrator Loconto received briefs from the parties prior to issuing an award and opinion. ECF Doc. 18 at 71-72, ¶¶6-9.

The Court can readily conclude from these facts the low bar that Loconto was *arguably* within his authority to issue an award interpreting the parties' CBA.

Second, MNA satisfied its pleading requirement of establishing there was at least a *plausible* argument for accepting Arbitrator Loconto's interpretation of the CBA in the subject arbitration award. The Arbitration Award is attached to the Hospital's Complaint. ECF Doc 1-1 at 2-46. MNA identified Arbitrator Loconto's ruling on the grievance in its pleading. ECF Doc. 18 at 72, ¶9. In its Answer to the Hospital's Complaint, MNA denied all averments by the Hospital that Loconto's award should be vacated. MNA affirmed that position in its counterclaims, pleading:

> The Arbitrator did not fail to apply the CBA in a plausible manner; render an award unfounded in reason and fact; base the award on palpably faulty reasoning; mistakenly base the award on a crucial assumption that is a conceded non-fact; go beyond the two issues that were before the arbitrator to decide; or, commit any misconduct or evident partiality, that could provide a basis to vacate the award.

ECF Doc. 18 at 72, ¶10. Thus, MNA not only submits that there is a plausible basis for Loconto's interpretation of the CBA, but that actually there is no evidence that his award should be vacated.

6

Each of these factors show, if the Court applies the counterclaimant-favorable inferences that all facts pled by MNA are true, and substantiated by documents incorporated in the counterclaim, that the Hospital's action to vacate Loconto's Arbitration Award is "without justification" and that the Court has the authority to grant attorney's fees as damages. Taken together, MNA satisfied its burden of pleading facts sufficient to establish a plausible claim for relief. Accordingly, the Hospital's motion to dismiss MNA's Count II should be denied.

### III.  CONCLUSION

For the reasons set forth above, the Hospital's motion to dismiss MNA's counterclaim should be denied.

Respectfully submitted,

On behalf of the Respondent,

By their attorneys,

*/s/ Samantha E. Sinclair*
Jack J. Canzoneri, BBO #564126
Jason R. Powalisz, BBO #664062
Samantha E. Sinclair, BBO #713667
McDonald Lamond Canzoneri LLC
352 Turnpike Road, Suite 210
Southborough, MA  01772
(508) 485-6600
jcanzoneri@masslaborlawyers.com
jpowalisz@masslaborlawyers.com
ssinclair@masslaborlawyers.com

Dated:  November 5, 2025

## CERTIFICATE OF SERVICE

  I, Samantha E. Sinclair, hereby certify that I have this day via the Electronic Case File system, served a copy of the forgoing upon opposing counsel of record.

    */s/ Samantha E. Sinclair*
    Samantha E. Sinclair
    Dated:  November 5, 2025